UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23196-Civ-COOKE/TURNOFF

JOAQUINA MARTHA DOMINGUEZ,
and other similarly situated individuals,

    Plaintiffs,

vs.

CIRCLE K STORES, INC.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO SET ASIDE OR MODIFY SETTLEMENT AGREEMENT AND REINSTATING PLAINTIFF'S CASE**

THIS MATTER is before me on Plaintiff Emerita Orellana's Emergency Motion to Set Aside or Modify Settlement Agreement. ECF No. 71. I have reviewed the filings, the record, and the relevant legal authorities. For the reasons explained in this Order, Plaintiff's Motion is granted.

**I. BACKGROUND**

Plaintiff, Emerita Orellana ("Orellana"), brings this action in order to set aside or modify a settlement agreement entered between herself and Defendant, Circle K Stores, Inc. ("Circle K"). The settlement agreement ("Settlement Agreement") terminated a Fair Labor Standards Act ("FLSA") dispute brought by several Plaintiffs, including Orellana, to recover unpaid overtime wages. Settlement Agreement, Joint Mot. for Approval of Settlement Agreements, Ex. A.

The thrust of Orellana's Motion is that the settlement agreement entered into in the FLSA case contained general release language that unlawfully or deceitfully deprived Orellana of the benefits she received from a judgment in her favor in an ongoing worker's compensation case

("Worker's Compensation Case") pending in state court. Mot. to Set Aside 5, *see Flores-Orellana v. Circle K, Inc.*, OJCC Case No.: 10-009469EDS, Fort Myers District Office (August 21, 2009). The Worker's Compensation Case involved a claim for benefits as a result of work-related injuries sustained by Orellana while working for Circle K. Mot. to Set Aside 1. On January 24, 2012, the Honorable E. Douglas Spangler entered a judgment in Orellana's favor in the Worker's Compensation Case and awarded her "permanent total disability benefits commencing September 11, 2011, to the present and continuing as required by law." *See* Final Compensation Order, Mot. to Set Aside 2, Ex. A. These benefits entitled Orellana to receive 66.6% of her average weekly wage at the time of the work-related accident, comprehensive medical care, and other benefits pursuant to Florida Statute § 440.15. Gonzalez Decl. ¶¶ 8, 9, Mot. to Set Aside 2, Ex. B. Orellana was entitled to receive these benefits from Circle K for the rest of her life, so long as she kept her Worker's Compensation Case open. *Id*. ¶ 9. Ivette Gonzalez ("Gonzalez") represented Orellana in the Workers Compensation Case. *Id*. ¶¶ 8, 9.

On October 13, 2011, Orellana retained the services of the Saenz Law Firm ("Saenz") to represent her in the FLSA case exclusively. *See* Decl. Saenz ¶ 5, Mot. to Set Aside, Ex. D. Saenz allegedly advised Orellana that settling the FLSA case would not in any way compromise her ongoing Worker's Compensation Case. *Id.* at ¶ 7. Saenz admits he did not know Orellana had been awarded lifetime benefits in her Worker's Compensation Case. *Id.* ¶ 16. Orellana was given 21 days within which to consider the FLSA Settlement Agreement with counsel. Resp. in Opp'n to Mot. to Set Aside 6. Saenz concedes he was not in the office or available when Orellana came in to sign the Settlement Agreement. Decl. Saenz ¶ 14, Mot. to Set Aside, Ex. D.

On August 17, 2012, while Orellana was receiving benefits as a result of her Worker's Compensation Case, she settled her FLSA case. Mot. to Set Aside 4. The Settlement Agreement

awarded Orellana $20,000 in damages and $12,000 in attorney's fees and costs.  *See* Joint Mot. for Approval of Settlement Agreements 1.  The Settlement Agreement stated in pertinent part:

> In exchange for and in consideration of the Payment . . . Orellana, for herself, her attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges and releases ("Releases") Circle K . . . from any and all grievances, suits, charges of discrimination, liabilities, commitments, obligations, costs, expenses, demands, damages, causes of actions, proceedings and claims, of any nature whatsoever, fixed or contingent, in law or equity, including, without limitation those arising under any law or equity. . . including those that Orellana now has or may have against the Released Parties, whether it be known or unknown, upon or by reason of any act, omission, matter cause or thing, from the beginning of time up to and including the day as of which this Agreement is dated.

*See* Settlement Agreement, Joint Mot. for Approval of Settlement Agreements, Ex A.  The Settlement Agreement and the Joint Motion for Approval of Settlement Agreements did not indicate that Orellana had another suit with Circle K that would be affected by the Settlement Agreement.  On September 20, 2012, I approved the Settlement Agreement and entered the Final Order for Dismissal with Prejudice.  Order, ECF No. 70.

In December 2012, Circle K suspended Orellana's benefits awarded to her in her Worker's Compensation Case.  Mot. to Set Aside 5.  On January 18, 2013, Circle K requested an order terminating Orellana's lifetime benefits, claiming she waived her rights when she signed the FLSA Release in the Worker's Compensation Case.  Mot. for Summ. Final Order, Mot. to Set Aside, Ex. G.  The hearing was scheduled on March 21, 2013.

A few hours before the state court hearing, Orellana filed her Emergency[1] Motion to Set Aside or Modify Settlement Agreement. On March 22, 2013, the Honorable E. Douglas Spangler, denied Circle K's motion noting "that latent ambiguities and mistakes may exist in the

---

[1] Plaintiff initially sought a emergency relief because the state court hearing was scheduled a few hours later.  However, due to the imminence of the hearing, it was not possible to expedite the briefing and the adjudication of the Emergency Motion.  Ultimately, the relief sought by Circle K during the hearing was denied.

body of [the] Settlement Agreement and Release . . ." Order Denying Mot. for Summ. Final Order, Pl.'s Reply to Resp. in Opp'n to Mot., Ex. A. On April 5, 2013, Circle K filed a Response in Opposition. ECF No. 74. On the same day, Orellana filed a Reply. ECF No. 75.

## II. LEGAL STANDARD

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

It is within the district court's discretion to grant relief from judgment in order to do justice. *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987) (quoting *Klapprott v. United States*, 335 U.S. 601, 614 (1949)). A Rule 60(b)(6) motion, however, is a remedy intended "only for extraordinary circumstances." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000)). The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result. *Rease v. Harvey*, 376 F. App'x 920, 921 (11th Cir. 2010) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)) (internal quotations in original). A motion under Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

4

### III. DISCUSSION

**A. This Court Has Jurisdiction to Relieve Orellana from the Final Order of Dismissal.**

The parties disagree on whether I have jurisdiction to set aside or modify the Final Order. Circle K argues that a district court has no jurisdiction to *enforce* a settlement agreement, where the action was dismissed pursuant to the agreement, and the court did not retain jurisdiction to enforce the settlement agreement. Def.'s Resp. in Opp'n to Mot. to Set Aside 2 (emphasis added); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-81 (1994) (finding that the enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and hence requires its own basis for jurisdiction). Furthermore, Circle K argues that even when a district court retained jurisdiction to enforce a settlement agreement, the court does not have jurisdiction to *modify* the settlement agreement. Def.'s Resp. in Opp'n to Mot. to Set Aside 2-3 (emphasis in original); *In re T2 Med., Inc.*, 130 F.3d 990, 994-95 (11th Cir. 1997) (finding that a district court, who did no retain jurisdiction, has no jurisdiction to modify a settlement agreement). Finally, Circle K argues that Orellana has not requested that I vacate the Final Order and reinstate the case to its docket, and so the motion should be denied. Def.'s Resp. in Opp'n to Mot. 3.

Orellana argues that Rule 60(b) gives a district court discretion to set aside the judgment, therefore, if I am persuaded that the Settlement Agreement is void or voidable then the Final Order must be set aside or modified to reflect the parties true intent.[2] Pl.'s Reply to Resp. in Opp'n to Mot. 1. Orellana also states in her Motion that her intent is to request that the parties be

---

[2] It is not apparent from Orellana's Motion which subsection of Rule 60(b) she invokes as her basis for relief from the Final Order. Mot. to Set Aside 8-9. Because I find extraordinary circumstances warranting relief from the Final Order pursuant to Rule 60(b)(6), I will consider her Motion under the standard set forth under subsection 60(b)(6).

5

placed back on the trial docket or that the Final Order be modified so that the Release in the Settlement Agreement would not apply to her Worker's Compensation Case. *Id*. 1-2.

Circle K's argument that a district court does not have authority to enforce a settlement agreement fails because Orellana does not seek that relief. Instead Orellana seeks to have the Final Order of Dismisssal vacated.

A court may entertain a Rule 60(b) motion even if it entered a final order of dismissal without retaining jurisdiction. *Arango v. City of Margate*, 367 Fed. Appx. 60, 60-61 (11th Cir. 2010) (granting a Rule 60(b)(6) motion even though the trial court had dismissed the case without retaining jurisdiction following the entry of a settlement agreement). In considering whether a party satisfies Rule 60(b)(6), a district court must make a finding as to whether the motion is timely as required by Rule 60(c)(1) and whether the evidence presented in support of the motion is sufficient to warrant a finding that extraordinary circumstances existed to justify relief from the judgment under Rule 60(b)(6). *Id*. at 61. For the following reasons, I find Orellana's Motion meets both of these requirements.

**B. Orellana's Motion Is Timely Pursuant to Federal Rule of Civil Procedure 60(c)(1).**

A motion under Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay. *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008) (quoting *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

The Final Order of Dismissal approving the Settlement Agreement was entered on September 20, 2012. In December 2012, Circle K suspended Orellana's benefits that were awarded in her Worker's Compensation Case. Mot. to Set Aside 5. Orellana claims that it was

6

not until Circle K suspended her benefits that she realized that she may have waived the rights vested upon her in her Worker's Compensation Case. Upon learning the foregoing, Saenz attempted to contact Circle K's counsel in a good faith attempt to resolve the matter without court involvement. *See* Saenz Emails, Mot. to Set Aside, Ex. F. Saenz sent six emails dating from January 11, 2013 to March 5, 2013 informing Circle K's counsel that Saenz intended to file a Motion to challenge the Final Order if the parties could not come to terms. *Id.* On March 21, 2013, Orellana filed her Motion to Set Aside or Modify Settlement Agreement.

The delay in this case is not unreasonable. It was not until December 2012 that Orellana realized Circle K intended to use the Final Order entered in September 2012 to cut off her benefits. Furthermore, the delay in this case is not unreasonable in light of Saenz's attempts to resolve the matter without court involvement up until approximately two weeks before Orellana filed her Motion to Set Aside or Modify the Settlement Agreement. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (finding no unreasonable delay on motions for relief from judgment filed seven and eight months after a final judgment given the difficulty the moving party encountered in attempting to discover terms of a confidential settlement agreement and given the moving party's notification of its intention to file for relief from judgment).

Additionally, Circle K does not allege any prejudice in its briefing. *See BUC Int'l Corp.*, 517 F.3d at 1276 (rejecting a challenge to timeliness of a Rule 60(b) motion where the non-moving party does not allege prejudice in its briefing and the court finds none). In the absence of a showing of prejudice to Circle K and in consideration of Orellana's good faith attempt to resolve the dispute before filing her Motion, I find Orellana's Motion timely pursuant to Rule 60(c)(1).

7

### C. There Are Extraordinary Circumstances that Warrant Relief Pursuant to Federal Rule of Civil Procedure 60(b)(6).

Orellana argues that I should either set aside the FLSA Release or modify it to carve out an exception regarding Orellana's Worker's Compensation Case because: (1) Saenz lacked the authority to settle her Worker's Compensation Case, (2) the FLSA Release is voidable or subject to modification because of mutual mistake, and (3) that enforcing the FLSA Release is contrary to public policy. Mot. to Set Aside 8-12.

Circle K argues Orellana is not entitled to relief under any subsection of Rule 60(b) because Orellana executed the Settlement Agreement on her own behalf and was given 21 days to consider the terms of the agreement with both her counsel for her FLSA lawsuit and her Worker's Compensation Case. Resp. in Opp'n to Mot. 6. Circle K also claims that it would be contrary to the principles of finality that attach to final orders if relief from judgment is granted. *Id.* 10.

Rule 60(b)(6) is a broadly drafted umbrella provision which has been described as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Griffin*, 722 F.2d at 680 (quoting 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 375 (2d ed. 1982)) (quotation marks in original). The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the "incessant command of the court's conscience that justice be done in light of *all* the facts." *Id.* (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970)) (quotations and emphasis in original);[3] *see also Muldrow v. Credit Bureau Collection Servs., Inc.*, 09-61792-CIV, 2010 WL 5393373, at*1 (S.D.

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Fla. Dec. 22, 2010). The moving party has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result. *Rease*, 376 F. App'x at 921. Even then, whether to grant the requested relief is, as noted above, a matter for the district court's sound discretion. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting *Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir. 1996)) (citation omitted).

This case presents extraordinary circumstances that warrant relief pursuant to Rule 60(b)(6). I reviewed the Settlement Agreement for fairness pursuant to *Lynn's Food Stores, Inc. v. United States*. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.) (holding that a district court in a FLSA dispute may enter a stipulated judgment approving a settlement after scrutinizing it to ensure it is a fair and reasonable resolution of a bona fide dispute). At the time of this review and in the Joint Motion for Approval of the Settlement Agreements, both parties failed to present all the relevant facts, namely the existence of the Worker's Compensation Case. *Griffin*, 722 F.2d at 680 (emphasizing the incessant command of the court's conscience that justice be done in light of all the facts). The lifetime benefits and medical care awarded to Orellana in her Worker's Compensation Case unquestionably exceeds the value of her $20,000 settlement in her FLSA suit. Thus, in light of this information, I find that the Settlement Agreement was not fair nor was it reasonable in accordance with *Lynn's Food*. If I had been aware of the fact that Orellana was receiving lifetime benefits in her Worker's Compensation Case, I would not have made a finding of fairness in respect to the Settlement Agreement. The lifetime benefits Orellana received in her Worker's Compensation Case is her sole source of income and means for obtaining medical care. Orellana is currently unemployed and disabled. Furthermore, since Orellana discontinued her employment at Circle

9

K, she has been unable to find employment.[4]  If the Settlement Agreement at issue is not set aside or modified, then Orellana's well-being and financial security will be at peril.

It is evident from the circumstances that Orellana did not intend to forfeit her lifetime benefits in order to obtain the settlement award in the FLSA case.  I agree with Judge Spangler who, in refusing to grant Circle K's motion to terminate the benefits awarded in the Worker's Compensation Case, stated that "latent ambiguities and mistakes may exist in the body of [the] Settlement Agreement and Release . . ."  Order Denying Mot. for Summ. Final Order, Pl.'s Reply to Resp. in Opp'n to Mot., Ex. A.  Circle K, a sophisticated multistate store, knew or should have known that Orellana was at all relevant times represented by different attorneys in each action.  Furthermore, the Circle K was aware that Orellana's award from the Worker's Compensation Case exceeded the FLSA settlement and that the FLSA Settlement Agreement contained boilerplate language that would deprive Orellana of her lifetime benefits.  Although I am unwilling to make a finding of bad faith at this time, it is possible that Circle K may have been attempting to avoid a final order from state court.

Finally, a short period of time has elapsed since the entry of the Final Order and the filing of the Rule 60(b)(6) motion.[5]  *See United States v. (1) $398,950 in U.S. Currency*, 87-0263-CIV-HOEVELER, 1999 WL 984424 (S.D. Fla. Sept. 30, 1999) ("Among these extraordinary circumstances are supervening changes in the law,[6] unexecuted judgments, a short time period

---

[4] In Orellana's Worker Compensation Claim, the court noted the testimony of a vocational expert witness concluding that Orellana was placed in a "sedentary physical limitations category." Final Compensation Order in Workers Compensation Case, Mot. to Set Aside, Ex. A.  The court also found that Orellana made good faith attempts to secure employment given her physical limitations and was unsuccessful.  *Id.*

[5] Any delay in the proceedings is accounted for in my analysis of the timeliness of the motion, discussed above.

[6] *But see Ritter*, 811 F.2d at 1401 ("[S]omething more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief.").

between entry of the judgment and filing of the Rule 60(b)(6) motion, and considerations of comity."). Taking into account the totality of the circumstances, the case warrants setting aside the Settlement Agreement in respect to Orellana.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Set Aside or Modify Settlement Agreement, ECF No. 71, is **GRANTED**.

2. The Final Order of Dismissal with Prejudice is **SET ASIDE**.

3. I will enter the Amended Final Order of Dismissal with Prejudice separately.

4. The Clerk shall reopen this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 3rd day of September 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*